UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTICT OF MICHIGAN
SOUTHERN DIVISION

Robert Samberg,

    Plaintiff,

v.

Detroit Water & Sewer Company,

    Defendant.
_____/

Case No. 14-cv-13851
Hon. Judith E. Levy
Mag. Judge David R. Grand

## OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS [9]

Robert Samberg files this complaint against the Detroit Water & Sewer Company (the "DWSD").[1] The case arises out of defendant's tender offer to buy back bonds and plaintiff's allegation that defendant withheld material information until after plaintiff was required to make his decision. (Dkt. 1.) Plaintiff brings claims of (1) fraud, (2) negligent misrepresentation, (3) intentional infliction of emotional distress, and (4) negligent infliction of emotional distress. (Id.)

---

[1] Plaintiff incorrectly identified the defendant in his complaint as the Detroit Water & Sewage Company. The proper defendant is the Detroit Water & Sewage Department.

Before the Court is defendant's motion to dismiss. Defendant argues that the case should be dismissed because plaintiff has failed to state an actionable claim upon which relief could be granted. (Dkt. 9.) For the reasons set forth below, the Court grants defendant's motion to dismiss.

I. Facts

Plaintiff held bonds with the DWSD. On some unspecified date, the DWSD made a tender offer to buy back their bonds and gave all the bondholders until April 21, 2014, to act on the offer. (Dkt. 1 at ¶ 1.) Plaintiff's personal broker required that plaintiff provide the broker with a response to this offer by April 20, 2014. (Id.) After plaintiff informed his broker of his decision to accept the tender offer but before the close of the April 21 deadline, the DWSD released additional information that affected the value of the bonds. Plaintiff alleges that this newly released information was "[c]ritical information affecting [his] decision" and that he would not have accepted the offer to tender his bonds had the information been provided sooner. (Id. at ¶ 3.) As a result of this information being released after his broker's deadline,

plaintiff alleges that he tendered his bonds "at a significant loss." (Id. at ¶ 11.)

II. Legal Standard

When deciding a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the Court must "construe the complaint in the light most favorable to the plaintiff and accept all allegations as true." *Keys v. Humana, Inc.*, 684 F.3d 605, 608 (6th Cir.2012). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plausible claim need not contain "detailed factual allegations," but it must contain more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

A pro se complaint, such as this one, is entitled to a liberal construction and "must be held to less stringent standards than formal pleadings drafted by lawyers[.]" *Erickson v. Pardus,* 551 U.S. 89, 94 (2007) (citation omitted).

III.   Analysis

3

Defendant argues that all of plaintiff's claims should be dismissed because he failed to state a claim upon which relief could be granted. (Dkt. 9 at 5.)

Plaintiff has failed to identify any action taken by defendant that could be construed as fraudulent, negligent, or that could lead to plaintiff suffering from emotional distress. Construing the complaint in the light most favorable to Samberg, the following is alleged: (1) the defendant issued an offer to tender bonds, (2) the defendant's deadline to respond to the offer was April 21, 2015, and (3) after plaintiff provided a response in compliance with his personal broker's deadline, defendant released additional information that affected the value of the bonds. (Dkt. 1.)

### A. Fraud and Negligent Misrepresentation

With respect to plaintiff's fraud claim, the complaint states that defendant "made misrepresentations of fact" to defendant. (Dkt. 1 at 5-8.) Apart from these conclusory allegations, plaintiff's complaint fails to allege any specific fraudulent actions on the part of defendant. As required by Fed. R. Civ. P. 9(b), plaintiff does not allege who made the fraudulent statements or omissions, what those statements were, when

4

they were made, or how he relied on them. *See* Fed. R. Civ. P. 9(b); *Frank v. Dana Corp.,* 547 F.3d 564, 569–70 (6th Cir.2008) (internal quotation marks and citation omitted). At a minimum, plaintiff "must allege the time, place and contents of the misrepresentations upon which they relied." *Id.* This threshold is not met by plaintiff's complaint.

Even granting plaintiff a more liberal construction of his *pro se* complaint, and even if he were granted leave to amend it, his claims would still not survive defendant's motion to dismiss. Under Michigan law a fraudulent misrepresentation claim requires a showing that the defendant made a material misrepresentation that was known to be false. *Hi–Way Motor Co. v. Int'l Harvester Co.,* 398 Mich. 330, 247 N.W.2d 813, 816 (Mich.1976). Similarly, a negligent misrepresentation claim requires an allegation that defendant made a material misrepresentation that was unintentionally false. *See Sipes v. Kinetra, LLC*, 137 F. Supp. 2d 901, 910 (E.D. Mich. 2001).

In plaintiff's response, he claims that "defendant's purpose was to coerce the plaintiff into tendering his bonds without the necessary information to make an informed decision." (Dkt. 15 at 2.) This

statement, along with the allegations in plaintiff's complaint, is in direct contradiction with plaintiff's description of the facts of the case. Plaintiff acknowledges that the defendant was releasing information "right up to the tender expiry date that could affect a bondholder's decision to tender." (Id. at ¶ 8.) Defendant did, indeed, release material information after plaintiff had accepted the offer by a deadline set by his own broker, but plaintiff did not allege that any of the information provided to him was false.

Accordingly, plaintiff's fraud and negligent misrepresentation claims will be dismissed for failure to state a claim upon which relief could be granted.

### B. Intentional Infliction of Emotional Distress

To establish a claim of intentional infliction of emotional distress, a plaintiff must prove the following elements: "(1) extreme and outrageous conduct, (2) intent or recklessness, (3) causation, and (4) severe emotional distress." *Hayley v. Allstate Ins. Co.*, 262 Mich. App. 571, 577 (2004).

Plaintiff's claim fails, in part, because he has not alleged any conduct that was "extreme and outrageous." Extreme and outrageous

conduct is conduct that "must be so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized community." *Hayley*, 262 Mich. App. at 577. There is nothing about defendant's conduct that remotely rises to the level contemplated by Michigan courts. On the contrary, defendant did exactly what it said it would do when it made its initial offer – continue to offer information up until the April 21 deadline.

Even if all of the other elements were met, plaintiff would still be unable to establish a causal link between defendant's conduct and plaintiff's alleged injury. Plaintiff indicates that he "would have waited until August 21, 2014" to respond to defendant's offer if his *own personal* broker did not impose an earlier deadline. Plaintiff's alleged injury ultimately arose from the deadline established by his broker and not by defendant's conduct.

Accordingly, plaintiff has failed to state a claim for intentional infliction of emotional distress.

### C. Negligent Infliction of Emotional Distress

The elements of negligent infliction of emotional distress are:

> (1) serious injury threatened or inflicted on a person, not the plaintiff, of a nature to cause severe mental disturbance to the plaintiff, (2) shock by the plaintiff from witnessing the event that results in the plaintiff's actual physical harm, (3) close relationship between the plaintiff and the injured person (parent, child, husband, or wife), and (4) presence of the plaintiff at the location of the accident at the time the accident occurred or, if not presence, at least shock "fairly contemporaneous" with the accident.

*Hesse v. Ashland Oil, Inc.*, 466 Mich. 21, 34 (2002). Michigan has refused "to apply the tort of negligent infliction of emotional distress beyond the situation where a plaintiff witnesses negligent injury to a *third person* and suffers mental disturbance as a result." *Duran v. The Detroit News*, 200 Mich. App. 622, 629 (1993) (emphasis added). Under no circumstances could plaintiff's complaint be construed as alleging that he witnessed harm to a third person and suffered mental disturbance as a result. Thus, plaintiff's negligent infliction of emotional distress claim will be dismissed for failure to state a claim.

IV. Conclusion[2]

---

[2] While plaintiff uses California law as the basis for the claims in his complaint, defendant points out that he acknowledges that the action arose in Wayne County, Michigan. (Dkt. 1-1.) Defendant further argues correctly that the disposition of this case would be the same regardless of whether the Court applied Michigan or California law because under California law, a claim of fraud or negligent misrepresentation also includes the element of a false statement, and an infliction of emotional distress claim includes the element of causation. *See Lazar v. Superior Court*, 12 Cal.4th 631, 638 (1996) (elements of fraud); *Wells Fargo Bank, N.A. v. FSI, Financial Solutions, Inc.*, 196 Cal.App.4th 1559, 1573 (2011) (elements of

Accordingly, for the reasons set forth above, IT IS HEREBY ORDERED that:

Defendant's motion to dismiss (Dkt. 9) is GRANTED, and plaintiff's complaint is DISMISSED with PREJUDICE.

Dated: May 5, 2015  s/Judith E. Levy
Ann Arbor, Michigan  JUDITH E. LEVY
  United States District Judge

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on May 5, 2015.

  s/Felicia M. Moses
  FELICIA M. MOSES
  Case Manager

---

negligent misrepresentation); *Christensen v. Superior Court*, 54 Cal.3d 868, 903 (1991) (elements of intentional infliction of emotional distress); *Huggins v. Longs Drug Stores California, Inc.*, 6 Cal.4th 124, 129 (elements of negligent infliction of emotional distress).